THE STATE, SAMUEL I. MEYERS ET AL., PROSECUTORS, v. THE HUDSON COUNTY ELECTRIC COMPANY AND THE CITY OF BAYONNE.

Because of the act of April 21st, 1896 (*Pamph. L.*, p. 322), electric light companies cannot lawfully erect poles in any street of a city, for either public or private lighting, without first obtaining from the city a particular designation of the streets in which the same are to be placed.

On *certiorari.*

Argued at February Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutors, *Van Buskirk & Parker* and *Charles L. Corbin.*

For the electric company, *Thomas N. McCarter, Jr.*

For Bayonne, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

DIXON, J.   The object in suing out this writ of *certiorari* is to test the right of the Hudson County Electric Company to place poles along Thirty-third street and Avenue C, on the land of the prosecutors, for the purpose of supplying electricity to three electric lights on the northeasterly corners of Avenue C and Thirty-second, Thirty-third and Thirty-fourth streets, in the city of Bayonne, pursuant to a resolution of the city council passed November 8th, 1896.

The prosecutors insist that these poles cannot lawfully be erected, because the city has never designated Thirty-third street and Avenue C as streets in which such poles might be placed, as required by the "Act relating to electric light, heat and power companies," approved April 21st, 1896.   *Pamph. L., p.* 322.

That no such designation has ever been obtained is clear. The control of the streets is vested in the city council, and the only act of that body which, it is suggested, might be deemed a designation under the statute cited or its predecessors (*Pamph. L.* 1884, *p.* 331 ; *Id.* 1893, *p.* 412), is an ordinance approved January 15th, 1895, purporting to authorize the Hudson County Electric Company to erect poles "in all the public roads, public places, highways, streets, avenues and alleys of the city" for electric light, heat and power purposes.   If circumstances should exist in which an electric company proposed to erect poles at once throughout every public street in a city for the purposes stated, such an ordinance as this might be considered a sufficient compliance with this statutory prerequisite.   But when, as in the case before us, neither the city nor the company intended the immediate prosecution of so general a work, an ordinance of this character was a mere

evasion of the law. To give it effect would be to authorize the company, instead of the city, to designate the streets in which poles were to be placed whenever, in the judgment of the company, a proper occasion should arise.

If, then, a designation of streets by the city under this law was a necessary preliminary to the erection of these poles by the company, we must conclude that this resolution, which leaves the whole plan of construction to the discretion of the city surveyor, is illegal.

The defendants contend that the law only requires a designation of streets by the city when poles are to be erected for private lighting, and that when, as here, the purpose is to light the public streets, this statute does not apply.

We cannot concur in this view. It presupposes an expectation on the part of the legislature that these companies would generally erect one line of poles for public lighting and another for private lighting. Such an expectation would be antagonized by common experience, and we find no adequate reason for believing it was entertained. The language of the statute on this point is unambiguous, and in its plain meaning leads to no absurd or even unreasonable result, and, therefore, that meaning should be enforced. *Rex* v. *Commissioners*, 6 *Ad. & E.* 7.; *Water Commissioners* v. *Brewster*, 13 *Vroom* 125, and cases there cited; *Earle* v. *Willets*, 27 *Id.* 334. Our opinion is that no company of the class mentioned in this statute has any lawful power to erect its electric poles in any public highway, except in accordance with the terms of this act.

But the defendants further urge that the resolution can be supported on the "Act authorizing the lighting of public streets and places in the cities, towns, townships, boroughs and villages of the state, and to erect and maintain the proper appliances," approved May 22d, 1894. *Pamph. L., p.* 477.

This statute relates wholly to municipal corporations, and it is manifest that the authority granted by it cannot be curtailed by the act of April 21st, 1896, which, both in its title and in its enacting clause, is confined to electric light, heat and power companies. But this statute is not applicable to

the present question. The power which it delegates is conferred only on the municipal bodies described in it. If the city of Bayonne, by its own agents, were erecting its own poles in these streets for the purpose of lighting streets, the statute of 1894 would be in point; but it cannot be invoked as legal sanction for any attempt on the part of the city to authorize an electric light company to erect its poles in the streets without complying with the act of 1896. The poles to be erected under the act of 1894 are public property, to be used only for public purposes; the poles to be erected under the act of 1896 are private property, to be used for public or private purposes.

The ordinance of January 15th, 1895, is illegal and must be set aside, except so far as it has been acted upon by the Hudson County Electric Company, with the acquiescence of the city and the owners of the soil affected.

The resolution of November 8th, 1896, is also illegal and must be set aside.

The prosecutors attack a contract made January 8th, 1895, between the city and the United Gas Improvement Company, which was executed also by the Hudson County Electric Company and others. It is doubtful whether the *certiorari* brings this contract under review, but even if it does, some of the parties interested in it are not before us, and as it imposes no obligation on the city in the matter now complained of, its legality need not and should not be considered.

The prosecutors are entitled to costs.